IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE OLIVER BRAUN, | No. C 12-3633 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| KIM HOLLAND, | |
| Respondent. | |
| / | (Docket Nos. 6, 8) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis and filed a motion for appointment of counsel. For the reasons discussed below, the petition is dismissed with leave to amend.

## BACKGROUND

In 2008, petitioner was convicted in Sonoma County Superior Court after a jury found him guilty of a sex offense. The trial court sentenced him to a term of twelve years in state prison. On direct review, the California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review. He also filed two habeas petitions in the California Supreme Court, but they were denied.

**ANALYSIS**

**A.     STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.     LEGAL CLAIMS**

It cannot be discerned from the petition precisely what claims petitioner means to assert. He uses a form petition and in the section for listing his claims, he simply refers "attached papers." He attaches approximately 100 pages. The first several pages, entitled "main issues," list approximately 30 different issues. Some of these issues could be claims, others plainly cannot. The attached papers then discuss many different issues, some of which are listed among the "main issues" and others are not. It is not clear whether these issues are additional claims, and if so what those claims are. In addition, the correct order of the attachments is difficult to discern because the attachments are paginated in a confusing manner. There is more than one page "1", for example, one of which is immediately followed by "page 11," and there is a page 3.5.

Petitioner will be given leave to amend to clarify what his claims are. He must list is claims clearly and concisely on the form or on a limited number of attached pages if more room is necessary. He may not call his claims "issues," but rather he must clearly number and label

each claim as "Claim One", "Claim Two" etc. etc., particularly if he includes claims on pages attached to the form petition. Each claim must concisely and clearly assert a separate violation of federal law, and include a brief explanation as to how the violation occurred. He may not include every argument or issue as a separate claim. For example, "dismissal" is not a claim. He may not simply include pages of discussion of issues that are not organized or labeled as identifiable claims. Attached pages should be paginated clearly and consistently, using whole numbers in consecutive order. Any exhibits must be labeled separately by letter (Exhibit A, Exhibit B, etc.).

**CONCLUSION**

In light of the foregoing,

1. The petition is **DISMISSED** with leave to amend within thirty days from the date this order is entered. The amendment must be on the court's form for prisoner Section 2254 petitions and must include the caption and civil case number (No. C 12-3633 WHA (PR)) used in this order and the words AMENDED PETITION on the first page. Failure to amend within the designated time and in accordance with the instructions in this order will result in the dismissal of this petition.

2. It is petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. Petitioner's application to proceed in forma pauperis (dkt. 8) is **GRANTED**. His motion for appointment of counsel (dkt. 6) is **DENIED** because there are no extraordinary circumstances, such as a need for an evidentiary hearing.

**IT IS SO ORDERED.**

Dated: October   17   , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\BRAUN3633.LTA.wpd

3