UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE OLIVER BRAUN,<br><br>    Petitioner,<br><br>    v.<br><br>KIM HOLLAND, Warden,<br><br>    Respondent. | Case No. 12-3633 JST (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; APPOINTING COUNSEL; DIRECTIONS TO CLERK** |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 18, 2012, the Court reviewed the petition and found it difficult to discern the specific claims petitioner wished to pursue. The Court dismissed with leave to amend in order to give petitioner the opportunity to file a simple, concise, and direct petition which states clearly and succinctly each claim he seeks to bring in federal court. Petitioner filed an amended petition on November 5, 2012. (Doc. #10.)

Upon review of the amended petition, the Court again finds it impossible to ascertain whether the allegations state cognizable claims for relief. While the amended petition separately identifies petitioner's claims, petitioner lists over 30 such claims, some of which could be grounds for federal habeas relief, others of which plainly cannot. With respect to each claim listed, the allegations are vague. For example, Claim 17, which petitioner labels "Variance," states "Open ended testimony allowed on allegation not charged. No fair warning on Evid. § 1108 material." (Doc. #10 at 10.[1]) As another example, Claim 30, which petitioner labels "Non-specific Acts

---

[1] The page numbers used herein for this document refer to those affixed to the top of the page by the court's electronic filing program.

1  Used to Convict," states "No separation made by jury or instructions for such made by court."
2  (Doc #10 at 12.)

3      In addition to his list of claims, petitioner again attaches over eighty handwritten pages discussing many different issues, some of which are included in the listed claims and many of which are not. For example, in the first four paragraphs of the attachment, he identifies: (1) denial of a request for a lie detector test; (2) denial of multiple <u>Marsden</u> motions; (3) denial of a second doctor to evaluate petitioner's competency to stand trial; (4) disqualification proceedings against the trial judge; (5) denial of speedy trial rights; (6) charges brought outside of the statute of limitations; (7) use of propensity evidence; (8) ineffective assistance of counsel; and (9) violation of double jeopardy. (Doc. #10 at 20.) The confusing presentation prevents the Court from determining which claims deserve a response, and places an unfair burden on respondent in answering the petition. Accordingly, the Court will dismiss the amended petition with leave to amend.

    The Court further finds good cause for appointment of counsel to represent petitioner. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). As discussed above, petitioner is unable to present his arguments, and the Court cannot say that petitioner's claims entirely lack merit. In addition, petitioner states in the amended petition that he: (1) suffers from mental illness, including post-traumatic stress syndrome originating in military service; and (2) has undergone competency proceedings and commitment to a state mental hospital. (Doc. #10 at 8, 11, 12, 32, 39, 46.) The petition also states that petitioner was not fully apprised of the consequences of his guilty plea, was not competent to plea, and attempted to withdraw his plea without the assistance of counsel. (Doc. #10 at 5, 8, 11.) In light of the indications of extreme limitations on petitioner's abilities, the Court finds he will be unable to effectively represent himself in this case. Accordingly, the Court will refer this matter to the Federal Public Defender to find representation for petitioner.

//

//

**CONCLUSION**

In light of the foregoing:

1.  The amended petition is DISMISSED with leave to amend.

2.  This matter is REFERRED to the Federal Public Defender to find an attorney to represent petitioner. Upon being notified by the Federal Public Defender's Office that an attorney has been located to represent petitioner, the Court will: (1) appoint that attorney as counsel for petitioner in this matter; and (2) issue a scheduling order for the filing of a second amended petition.

3.  The Clerk shall provide a copy of this order to the Federal Public Defender's Office in San Francisco.

**IT IS SO ORDERED**.

Dated: April 5, 2013

JON S. TIGAR
United States District Judge