UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE OLIVER BRAUN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KIM HOLLAND,<br><br>　　　　　Respondent. | Case No.  12-cv-03633-JST<br><br>**ORDER TO SHOW CAUSE, DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Bruce Oliver Braun has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

This Court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The Court finds that the claims raised in the petition are cognizable in a federal habeas action.

The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of

1  California. The clerk shall also serve a copy of this order on petitioner and petitioner's counsel at
2  the mailing address provided.
3  Not more than 60 days from the date of this order, Respondent must file and serve upon
4  petitioner either (1) an answer conforming in all respects to Rule 5 of the Rules Governing Section
5  2254 Cases, showing cause why a writ of habeas corpus should not be issued and providing all
6  other materials required by Habeas Local Rule 2254-6(b), or (2) a motion to dismiss, as set forth
7  in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 cases, noticed
8  for hearing pursuant to Civil Local Rule 7-2.
9  If Respondent files an answer, Petitioner shall respond to the answer by filing a traverse
10 with the Court and serving it on respondent within thirty days of the date the answer is filed. If
11 Respondent files a motion to dismiss, Petitioner shall file with the Court and serve on Respondent
12 an opposition or statement of non-opposition within thirty days of the date the motion is filed.
13 Respondent shall file with the Court and serve on petitioner any reply within fifteen days of the
14 date any opposition is filed.
15 **IT IS SO ORDERED**.
16 Dated: August 14, 2013

_____
JON S. TIGAR
United States District Judge

2